UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN G.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C20-6018-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred in assessing the medical evidence, his subjective testimony, and the lay evidence. Dkt. 16 at 1. Plaintiff also raises for the first time in his reply brief a constitutional claim. Dkt. 18. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 62 years old, graduated from high school, and previously worked as a truck parts salesperson. Tr. 44, 264. In February 2018, he applied for benefits, alleging disability as of April 29, 2017.[1] Tr. 231-32. His application was denied initially and on reconsideration. Tr. 117-19, 123-29. The ALJ conducted hearings in July and November 2019

---

[1] At the hearing, Plaintiff amended his alleged onset date to August 28, 2017. Tr. 39.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

(Tr. 33-98), subsequently finding Plaintiff not disabled. Tr. 20-28. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 5-10.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: right temporal hemorrhagic brain mass status-post temporal craniotomy; essential hypertension; and hearing loss with hearing aids (right-sided hearing impairment greater than left).

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform a full range of work at all exertional levels with the following non-exertional limitations: he can work with no more than moderate noise levels. He cannot climb ladders, ropes, or scaffolds. He cannot be exposed to hazards, as defined in the Dictionary of Occupational Titles.

**Step four:** Plaintiff cannot perform his past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 20-28.

## DISCUSSION

**A.   Medical Evidence**

Under 20 C.F.R. § 416.920c(b)(2), (c), the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

factors. The decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 416.920c(b), and must be supported by substantial evidence.

Plaintiff contends the ALJ erroneously discounted the opinion of Jennifer Nelson, ARNP his primary care provider.  Ms. Nelson opined in June 2019 that Plaintiff's weekly headaches would preclude all activity for 1-2 hours.  Tr. 673-78.  The ALJ discounted this opinion on the grounds Ms. Nelson's treatment notes reference Plaintiff's denial of headaches in August 2019, and other records reference such denials as well.  Tr. 27 (citing Tr. 403, 689).

Plaintiff contends that other records corroborate his reports of headaches, and the ALJ erred in relying on a few isolated instances where he denied headaches.  Dkt. 16 at 4.  But the record shows many other instances where Plaintiff denied headaches.  *See, e.g.*, Tr. 358, 361, 365, 388, 397, 421, 424, 429, 477, 486, 518, 564, 567-68.  Hence, Plaintiff's claim the ALJ's cherry picked the record fails as the Court cannot say the ALJ's assessment is unreasonable or lacks substantial evidence.

Plaintiff also suggests the ALJ should have rejected the testimony Dr. Lebeau's gave at the supplemental hearing because the doctor did not consider Plaintiff's testimony or the lay testimony.  Dkt. 16 at 4.  The argument implies Dr. Lebeau's opinion fails to include limitations the ALJ should have included. But the ALJ as discussed below, the ALJ did not err in discounting the testimony of Plaintiff and the lay witness's testimony and thus the Court finds the ALJ's consideration of Dr. Lebeau is not erroneous.

Lastly, Plaintiff argues in conclusory fashion the ALJ failed to assess his headaches in accordance with Social Security Ruling ("SSR") 19-4p.  Plaintiff has not identified a particular error related to SSR 19-4p or shown which "legal standards" contained therein that the ALJ failed to follow, and has thus failed to meet his burden of establishing harmful error.  *See* Dkt. 16

at 4.  In the absence of such argument, the Court declines to further address SSR 19-4p.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments:  "We require contentions to be accompanied by reasons.").  In sum, because Plaintiff fails to show the ALJ erred in assessing the medical evidence, the Court rejects Plaintiff's first assignment of error.

**B.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's alleged limitations as inconsistent with the objective medical evidence and with treatment notes wherein Plaintiff denied experiencing the symptoms he complains of.  Tr. 24-26.  The ALJ also found Plaintiff's activities were "generally inconsistent with the degree of functional limitation" he alleged.  Tr. 27.  Plaintiff argues the ALJ erred by failing to provide a clear and convincing reason to discount his statements. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees the ALJ erred in failing to identify any particular inconsistency between Plaintiff's activities and his allegations (Tr. 27), but finds the ALJ adequately identified inconsistencies between the record and Plaintiff's allegations of limitations due to headaches, dizziness, hypertension, and hearing loss.  Tr. 25-26.  Specifically, the ALJ noted Plaintiff's headaches improved after his craniotomy surgery and after his blood pressure was lowered via medication, and the objective evidence indicated Plaintiff's other physical limitations were not disabling.  *Id*.  The ALJ's findings were more specific than simply a "selective summary" of the medical evidence, as Plaintiff contends.  *See* Dkt. 16 at 5.  The ALJ noted Plaintiff's symptoms and detailed the medical record finding it showed Plaintiff's functional limitations were less severe than Plaintiff claimed.  *See* Tr. 25-26.  The ALJ also noted Plaintiff's wife stated Plaintiff's headaches, dizziness and other neurological conditions did not affect his activities of daily living,

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

lending further support to the ALJ's assessment that Plaintiff's complaints did not square with the medical record. Tr. 25 (citing Tr. 320). The ALJ thus did not err in relying on inconsistencies between the record and Plaintiff's allegations in order to discount Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Accordingly, because the ALJ provided a valid reason to discount Plaintiff's testimony, the ALJ's error with respect to Plaintiff's activities is harmless. *See Carmickle*, 533 F.3d at 1162-63. The Court affirms the ALJ's treatment of Plaintiff's testimony.

**C.      Lay Testimony**

Plaintiff's wife completed a headache questionnaire, describing Plaintiff's experience of twelve headaches per month lasting three hours each. Tr. 320. Plaintiff's wife also indicated that the headaches have no impact on Plaintiff's ability to complete his daily activities, although they do prevent him from falling asleep at night. *Id*. The ALJ found Plaintiff's wife's statement was "generally consistent" with Plaintiff's treatment history, showing that Plaintiff did have headaches at times but they "improved [when] his blood pressure was controlled with conservative medications." Tr. 26.

Plaintiff argues the ALJ erred in purporting to credit his wife's statement but failing to account for the numerous headaches she described. Dkt. 16 at 9. But Plaintiff's wife explicitly stated the headaches did not limit Plaintiff's daily activities which is consistent with the ALJ's interpretation of the record. As such, Plaintiff fails to show the ALJ erred in assessing Plaintiff's wife's statement. *See, e.g., Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide clear and convincing reasons to reject physician's statement when statement did not assess any limitations).

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

E.  **Separation of Powers Claim**

In his reply brief, Plaintiff argues for the first time that because the Commissioner is removable only for cause, the SSA's structure violates the separation of powers doctrine and strips the Commissioner from delegating to the ALJ the authority to make findings regarding benefits eligibility. Dkt. 18 at 5-7. The Ninth Circuit has long held appellants cannot raise a new issue for the first time in their reply briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir.1988); *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.").

Petitioner claims an exception to this rule applies to his case arguing under *Varney v. Secretary of Health & Human Services*, 859 F.2d 1396 (9th Cir. 1988), he can raise the issue in his reply because it is a pure question of law, not dependent on the record, and has wide impact on all claimants. Dkt. 18 at 6. The Court finds *Varney* inapplicable here. The Court in *Varney* considered an issue raised for the first time in a petition for rehearing on the grounds that if *Varney* prevailed on the new issue, she would be awarded benefits in a disability case that had pending over five years. *Varney*, 859 F.2d at 1398 ("We have no wish to further delay the payment of deserved and much-needed benefits, to Varney or to others in her situation, by declining to resolve this issue now."). In contrast, Plaintiff argues under its current structure the SSA has no power to determine benefits eligibility. Plaintiff's request for remand on constitutional grounds thus does not lead to a possible immediate award of benefits as in *Varney* and instead leads to remand to the SSA which Plaintiff argues lacks the authority to adjudicate his claim. Alternatively, it leads to a remand that based upon the findings of this Court directs the Commissioner to affirm the ALJ's decision, not grant Plaintiff another hearing.

The Court in *Varney* also considered the new claim because there was no indication the petitioner's failure to raise the new issue was "willful." *Id.* In contrast, the claim Plaintiff raises is based upon a 2020 Supreme Court decision. Plaintiff could have raised the claim in his opening brief and does not aver he was negligent or made a mistake in failing to do so. Rather he seems to argue he is entitled to raise it in the reply brief under *Varney*. But *Varney* creates no such automatic entitlement. Plaintiff also relies upon a memo from the Office of Legal Counsel issued in July 8, 2021 arguing it concludes the restrictions in removing the Commissioner violates separation of powers. However, the memo does not help Plaintiff because while it concludes the removal provision is unconstitutional it also concludes it is severable and thus does not affect the viability of the remainder of the statute, which would include the ALJ's decision which the Court affirms here. If the Court were to apply the memo as Plaintiff urges, the Court would reject Plaintiff's argument and conclude the unconstitutional removal provision does not render the ALJ's decision unconstitutional.

The Court thus finds Plaintiff's case presents facts dissimilar to the facts in *Varney*. In *Varney* the Court found no indication of willful failure to raise the claim earlier. Here Plaintiff could have but did not raise the claim and makes no mention he was negligent. In *Varney* the Court was pressed to avoid delay in awarding benefits, and in fact ended up ordering benefits. Here, the Constitutional claim does not result in an award of benefits. Instead it results in either further delay or a denial upon remand as the Court has found the ALJ's decision in this case is free of legal error and supported by substantial evidence. Accordingly, this case does not present an untimely issue that is "sufficiently urgent" and involving "extraordinary circumstances" as was the case in *Varney*. The Court therefore declines to consider Plaintiff's constitutional claim regarding the separation of powers that was presented for the first time in his reply brief.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 7

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 27th day of August 2021.

                                                             _____
                                                             BRIAN A. TSUCHIDA
                                                             United States Magistrate Judge